USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/26/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBERT YOUNGS,

                  Plaintiff,

-against-

ORANGE COUNTY,

                  Defendant.

22-CV-4918 (NSR)

ORDER OF SERVICE

NELSON S. ROMÁN, United States District Judge:

      Plaintiff, who is currently incarcerated at Shawangunk Correctional Facility, brings this *pro se* action alleging that correctional staff at the Orange County Jail ("OCJ") violated his constitutional rights. Because Plaintiff asserts a violation of his federal rights by state actors, the Court construes the complaint as asserting claims under 42 U.S.C. § 1983.

      By order dated June 14, 2022, the Honorable Laura Taylor Swain granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1] On September 2, 2022, Chief Judge Swain issued an order to amend, in which she granted Plaintiff leave to assert facts in support of his claims of: (1) denial of disciplinary due process, (2) issuance of a retaliatory false misbehavior report, (3) use of excessive force, and (4) failure to protect. Chief Judge Swain also dismissed Plaintiff's claims against Orange County Sheriff's Organization because this entity cannot be sued under New York law and directed the Clerk of Court to add Orange County as a Defendant under Fed. R. Civ. P. 21. Finally, she dismissed Plaintiff's Freedom of Information Law

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

("FOIL") claim and his grievance procedure claim for failure to state a claim on which relief may be granted.[2]

Plaintiff did not file an amended complaint, and on November 15, 2022, Chief Judge Swain dismissed the action. (ECF 9.) The following day, however, the Clerk's Office received Plaintiff's amended complaint. (ECF 8.) The action was reassigned to the undersigned's docket on April 25, 2023.

As set forth in this order, the Court: (1) construes the amended complaint as also asserting claims against Sergeant Gessner, who allegedly refused to allow Plaintiff to call witnesses at his December 8, 2021 disciplinary hearing; (2) adds Gessner as a defendant, under Fed. R. Civ. P. 21; (3) construes the amended complaint as asserting claims against Officer Riccardo Laudato and Sergeants Della Pia and K. Mann, correctional staff who allegedly retaliated against Plaintiff; (4) adds Laudato, Della Pia, and Mann as defendants, under Fed. R. Civ. P. 21; (4) orders service on Orange County, Gessner, Laudato, Della Pia, and Mann; (5) applies Local Civil Rule 33.2 to the case with respect to Gessner and Orange County; (6) dismisses without prejudice Plaintiff's claims against Orange County, brought on behalf of his minor child, regarding an October 30, 2019 incident; (7) dismisses the October 30, 2019 claim, brought on Plaintiff's own behalf, for lack of subject matter jurisdiction, with 60 days' leave to request leave to replead; and (8) refers Plaintiff to the New York Legal Assistance Group.

---

[2] To the extent Plaintiff seeks to reassert these claims, these claims have been dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim upon which relief may be granted (see ECF 5), and the amended complaint does not allege any facts suggesting that Plaintiff has stated a claim under FOIL or the grievance procedure at OCJ.

**STANDARD OF REVIEW**

The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

**DISCUSSION**

**A.    Due Process Claims Against Sergeant Gessner**

In the amended complaint, Plaintiff asserts a disciplinary due process claim and alleges that Sergeant Gessner refused Plaintiff's request to call witnesses to testify during his December 8, 2021 disciplinary hearing. The Court construes this allegation as asserting a disciplinary due process claim, *see Sira v. Morton*, 380 F.3d 57, 69 (2d Cir. 2004), and directs the Clerk of Court to add Gessner as a defendant under Rule 21 of the Federal Rules of Civil Procedure.

**B.    Retaliation Claims Against Officer Laudato and Sergeants Della Pia and K. Mann**

Plaintiff alleges that on December 2, 2021, Officer Laudato retaliated against Plaintiff because Plaintiff requested a grievance form, by issuing a false misbehavior report. The Court construes this allegation as asserting a claim of retaliation for exercising a constitutional right, *see Boddie v. Schnieder*, 105 F.3d 857, 862 (2d Cir. 1997); *Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir. 1986), and directs the Clerk of Court to add Laudato as a defendant under Fed. R. Civ. P. 21.

Plaintiff also alleges that Sergeants Della Pia and K. Mann retaliated against him for requesting grievance forms, by recommending his continued segregation in cell confinement. The Court construes this allegation as asserting a claim of retaliation for exercising a constitutional right, *Boddie*, 105 F.3d at 862; *Freeman*, 808 F.2d at 951, and directs the Clerk of Court to add these two sergeants as defendants under Fed. R. Civ. P. 21.

**C.     Order of Service on Orange County, Gessner, Laudato, Della Pia, and Mann**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[3] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

To allow Plaintiff to effect service on Defendants Orange County, Gessner, Laudato, Della Pia, and Mann through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for these Defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these Defendants.

If the complaint is not served within 90 days after the date the summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

---

[3] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the amended complaint until the Court reviewed the amended complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date summonses are issued.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**D.      Civil Rule 33.2**

Local Civil Rule 33.2, which requires defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this action. Those discovery requests are available on the Court's website under "Forms" and are titled ["Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents."](#) Within 120 days of service of the complaint, Defendants Orange County and Sergeant Gessner must serve responses to these standard discovery requests. In their responses, these Defendants must quote each request verbatim.[4]

**E.      Claims Brought on Behalf of a Minor Child**

Plaintiff seeks to bring claims involving his minor child, who visited Plaintiff on October 30, 2019. He alleges that Officer Angel Mendoza "detained" the child, in violation of the child's Fourth Amendment rights. (ECF 8, at 2.) A nonlawyer parent, however, Plaintiff cannot represent his child's interests *pro se*. *See Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990); *Tindall v. Poultney High Sch. Dist.*, 414 F.3d 281, 284 (2d Cir. 2005) (holding that it is "a well-established general rule in this Circuit that a parent not admitted to the bar cannot bring an action pro se in federal court on behalf of his or her child"). Minors "are entitled to trained legal assistance so their rights may be fully protected" and nonlawyer parents are not trained to represent competently the interests of their children. *Cheung*, 906 F.2d at 61. Moreover, "a district

---

[4] If Plaintiff would like copies of these discovery requests before receiving the responses and does not have access to the website, Plaintiff may request them from the Pro Se Intake Unit.

court has a duty to raise this issue *sua sponte*." *Thomas v. Astrue*, 674 F. Supp. 2d 507, 511 (S.D.N.Y. 2009).

Here, because the claim that Plaintiff seeks to assert is one that belongs to his child, Plaintiff cannot bring this claim on behalf of the child without counsel. The Court therefore dismisses without prejudice any claims Plaintiff is asserting on behalf of his minor child.

F.  **The Court Lacks Subject Matter Jurisdiction over Plaintiff's Claims Arising on October 30, 2019**

Plaintiff alleges that when Officer Mendoza detained his child, "[a]s a father of a child affected by this officer and the guardian of the child in the report A.R. I request some type of relief for this situation." (ECF 8, at 3.) The Court lacks subject matter jurisdiction over any type of claim Plaintiff may be asserting regarding this incident.

The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available only when a "federal question" is presented or when plaintiff and defendant are citizens of different states and the amount in controversy exceeds the sum or value of $75,000. "'[I]t is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction.'" *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative.").

To invoke federal question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal law if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)). Mere invocation of federal jurisdiction, without any facts demonstrating a federal law claim, does not create federal subject matter jurisdiction. *See Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1188-89 (2d Cir. 1996). Plaintiff's allegation that he suffered an injury, arising from his daughter's alleged detention, does not state a claim under federal law. The Court therefore cannot exercise federal question jurisdiction over this claim.

Plaintiff also does not allege facts demonstrating that the Court has diversity jurisdiction over this action. To establish jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). Generally, there is a rebuttable presumption that a prisoner retains his pre-incarceration state citizenship rather than acquiring a new state citizenship. *See Housand v. Heiman*, 594 F.2d 923, 925 n.5 (2d Cir. 1979); *Blumatte v. Quinn*, 521 F. Supp. 2d 308, 312 n.3 (S.D.N.Y. 2007).

In addition, the plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted).

Here, Plaintiff does not state facts suggesting that he and Orange County are of diverse citizenship, but the Court assumes for the purposes of this order, that both parties are New York State citizens, as Plaintiff was convicted in Orange County, New York.[5] Even if the Court were to construe the complaint as asserting a claim against Office Mendoza, this individual is an Orange County correction officer, who likely resides in New York.

Even assuming that Plaintiff and Orange County, or Mendoza, are of diverse citizenship, Plaintiff does not state any facts suggesting that the amount in controversy for any state-law claim he seeks to assert exceeds $75,000. Plaintiff claims that Mendoza detained his daughter during a visit, but he does not state any facts regarding this alleged detention and how this event amounts to a violation of his rights warranting damages exceeding $75,000.

The Court therefore dismisses any claims Plaintiff seeks to assert against Orange County, with 60 days' leave to request leave to replead these claims. Should Plaintiff seek leave to replead, he must state facts showing that the Court has diversity jurisdiction over a state law claim.

### G. New York Legal Assistance Group

Plaintiff may consult the legal clinic in this District that assists people who are parties in civil cases and do not have lawyers. The Clinic is run by a private organization called the New York Legal Assistance Group ("NYLAG"); it is not part of, or run by, the court (and, among other things, therefore cannot accept filings on behalf of the court, which must still be made by any *pro se* party through the Pro Se Intake Unit).

To receive limited-scope assistance from the Clinic, Plaintiff may mail a signed retainer and intake form to the NYLAG Pro Se Clinic at 40 Foley Square, LL22, NY, NY 10007. Once the

---

[5] *See* Department of Corrections and Community Supervision, Incarcerated Lookup, Robert M. Youngs, https://nysdoccslookup.doccs.ny.gov/.

paperwork is received, the Clinic will coordinate contact with the litigant. Once the paperwork is received, it may take up to two weeks for the Clinic to contact the litigant. Copies of the Clinic's flyer, retainer, and intake form are attached to this order.

## CONCLUSION

The Court directs the Clerk of Court to add as defendants Sergeant Gessner, Officer Riccardo Laudato, Sergeant Della Pia, and Sergeant K. Mann, under Fed. R. Civ. P. 21.

The Court further directs the Clerk of Court to issue summonses, complete the USM-285 forms with the addresses for Orange County, Gessner, Laudato, Della Pia, and Mann, and deliver all documents necessary to effect service to the U.S. Marshals Service.

Local Civil Rule 33.2 applies to this case, with respect to Defendants Orange County and Sergeant Gessner.

The Court dismisses without prejudice Plaintiff's claims against Orange County, brought on behalf of his minor child, regarding the October 30, 2019 incident. The Court also dismisses any claims Plaintiff seeks to assert against Orange County for lack of subject matter jurisdiction, Fed. R. Civ. P. 12(h), with 60 days' leave to request leave to replead these claims.

The Clerk of Court is directed to mail a copy of this Order as well as an information package to *pro se* Plaintiff at the address listed on ECF and to show service on the docket.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates

good faith when he seeks review of a nonfrivolous issue).

                                                                            SO ORDERED.

Dated:   April 26, 2023
             White Plains, New York

                                                                   NELSON S. ROMÁN
                                                              United States District Judge

**DEFENDANTS AND SERVICE ADDRESSES**

1. Orange County
   County Attorney
   255 Main Street
   Goshen, NY 10924

2. Sergeant Gessner
   Orange County Jail
   110 Wells Farm Road
   Goshen, New York 10924

3. Officer Riccardo Laudato
   Orange County Jail
   110 Wells Farm Road
   Goshen, New York 10924

4. Sergeant Della Pia
   Orange County Jail
   110 Wells Farm Road
   Goshen, New York 10924

5. Sergeant K. Mann
   Orange County Jail
   110 Wells Farm Road
   Goshen, New York 10924



Since 1990, NYLAG has provided free civil legal services to New Yorkers who cannot afford private attorneys.

# Free Legal Assistance for Self-Represented Incarcerated Civil Litigants in Federal District Court

The NYLAG Legal Clinic for Pro Se Litigants in the Southern District of New York is a free legal clinic staffed by attorneys, law students, and paralegals to assist those who are representing themselves or planning to represent themselves, including incarcerated litigants, in civil lawsuits in the Southern District of New York federal court, excluding habeas cases. The clinic is not part of or run by the court.

Even if a litigant has consulted with Clinic staff, unless they retain other counsel and that counsel enters a notice of appearance, they remain unrepresented; are responsible for doing whatever is necessary in connection with the case; and must still submit all court papers to the Pro Se Intake Unit, located in Room 105 of the Daniel Patrick Moynihan Courthouse, 40 Foley Square, New York, New York, or by following the court's instructions for filing via email as a pro se litigant.

## The Clinic Can:

- Assist with amending complaints and responding to motions to dismiss;
- Represent litigants for settlement purposes and, in limited circumstances, for depositions;
- Assist with written discovery;
- Recruit pro bono counsel for depositions and trial; and
- Assist with oppositions to summary judgment.

***Clinic staff cannot assist with habeas cases or criminal matters.***

NYLAG may also be unable to assist if it determines, in its professional legal judgement, that (i) you have refused to cooperate with the Clinic's counsel or follow the Clinic's advice; (ii) any assistance would be unreasonably difficult for NYLAG to carry out; or (iii) your case is or will become frivolous, unreasonable, groundless, or without merit.

## Contacting the Clinic:

To contact the clinic and request a copy of our retainer, please call (212) 659-6190 and leave a message or write to us at the following address:

> NYLAG Legal Clinic for Pro Se Litigants
> Thurgood Marshall Federal Courthouse
> Room LL22
> 40 Foley Square
> New York, NY 10007

Please mail a signed retainer back to the clinic at the above address. Once the paperwork is received, clinic staff will contact you. It may take up to two weeks.

Disclaimer: The information contained herein is for informational purposes only and is not legal advice or a substitute for legal counsel, nor does it constitute advertising or a solicitation.



Revised 10/30/22

**LEGAL CLINIC FOR PRO SE LITIGANTS IN THE
SOUTHERN DISTRICT OF NEW YORK**

LIMITED SCOPE LEGAL ASSISTANCE RETAINER AGREEMENT

You retain the New York Legal Assistance Group (NYLAG) to provide you with limited scope legal assistance through its Legal Clinic for Pro Se Litigants in the Southern District of New York (Clinic) under the terms set forth below.

    **I. LIMITS OF ASSISTANCE**

The Clinic agrees to provide only limited scope legal assistance in connection with your matter.

This means that:

- You remain a self-represented (pro se) litigant and are responsible for all aspects of your case. NYLAG is not your attorney of record in this matter. In the event that you are or become a party to a case in the Southern District of New York or any other forum, NYLAG will not enter an appearance or otherwise act on your behalf without expressly agreeing to do so and entering into a separate signed agreement with you. NYLAG has no obligation to enter into any such agreement.

- NYLAG has sole discretion to determine the specific type of services provided. These services may include providing advice and counsel about your case, explaining court orders and procedures, reviewing and commenting on your drafts, assisting with drafting, and discussing strategy.

- This retainer covers an initial consultation only. NYLAG can stop assisting you with this matter at any time for any reason consistent with the New York Rules of Professional Conduct.

- NYLAG has not agreed to represent or assist you on any other matter in the future. If NYLAG does agree to any representation on another matter, then a separate signed retainer agreement will be necessary.

- You may request but are not guaranteed subsequent appointments. NYLAG will only provide assistance on subsequent appointments if it provides you with confirmation to you of such assistance, via email or otherwise, with such additional assistance governed by the terms of this agreement, including that the assistance is for that consultation only and that NYLAG has sole discretion to decide whether it will provide any additional future consultations. You are responsible for and must meet all deadlines in your case, regardless of whether you are able to have an appointment with the Clinic.

    **II. FREE ASSISTANCE, NON-ATTORNEY PROVIDERS, AND COMPETENCY**

NYLAG does not charge for this assistance. You may be assisted by law students and/or paralegals under the supervision of an attorney consistent with the Rules of Professional Responsibility. NYLAG's assistance does not guarantee success or any particular outcome but that NYLAG will provide competent assistance.

### III. TERMINATION OF ASSISTANCE

Your participation is entirely voluntary, and you are free to stop receiving NYLAG's limited scope assistance at any time. NYLAG may stop providing limited assistance at its sole discretion consistent with the New York Rules of Professional Conduct. If NYLAG chooses to stop providing limited assistance, it will provide notice by email, mail, or phone.

### IV. CONFIDENTIALITY

NYLAG will take all reasonable steps to maintain any information you provide as confidential.

### V. REVIEW AND CONSENT

By signing and writing today's date below, you indicate that you: have read and understand this agreement; consent to the terms of this agreement; and understand the possible risks and benefits of proceeding with limited scope assistance.

If you have questions or concerns, please indicate on this form and someone will arrange to speak with you.

_____                            _____
Signature                                                                                              Date


**Once you have completed this form, please mail it and the completed demographic form to the New York Legal Assistance Group, Pro Se Clinic, 40 Foley Square, LL22, New York, NY 10007.**

Revised 10/30/22

# NYLAG
New York Legal Assistance Group

**Name** _____   **Date of Birth** _____

**Facility** _____

**Identification #** _____   **Email (if available)** _____

**How did you hear about our clinic? (Circle One)**

| | | |
|---|---|---|
| Pro Se Intake Office | Order/Letter from the Judge | Conference/Hearing with the Judge |
| Pro Se Information Package | Website | Friend/Family |

Other _____

**Ethnicity (Circle One)**

| | | |
|---|---|---|
| Asian/Pacific Islander | Hispanic | Caucasian |
| African American | Middle Eastern | Decline to Answer |
| African | Caribbean | |
| Native American | South Asian | |

**Education Level (Circle One)**

| | | |
|---|---|---|
| 8th Grade or Less | GED | 2-4 years of College/Vocational School |
| Some high school | College graduate | Decline to Answer |
| High school graduate | Graduate degree | |

**Gender:** _____

**SDNY Case Number:** _____

**Once you have completed this form, please mail it and the completed retainer to the New York Legal Assistance Group, Pro Se Clinic, 40 Foley Square, LL22, New York, NY 10007.**